**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

———

No. 06-2699

MELVIN PROSTKOFF, M.D.

Plaintiff, Appellant,

v.

THE PAUL REVERE LIFE INSURANCE COMPANY
AND UNUM PROVIDENT CORPORATION,

Defendants, Appellees.

———

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

———

Before

Torruella and Lynch, Circuit Judges,
and Fusté,[*] District Judge.

———

William L. Chapman, with whom Jennifer A. Eber and Orr & Reno, P.A., were on brief, for appellant.
Byrne J. Decker, with whom Pierce Atwood LLP was on brief, for appellees.

———

June 29, 2007

———

———

[*] Of the District of Puerto Rico, sitting by designation.

FUSTE, District Judge. Appellant Melvin Prostkoff, M.D., filed a petition against Appellees, Paul Revere Life Insurance Company and its parent company, Unum Provident Corporation, seeking declaratory judgment that his insurance policy entitles him to cost of living increases on his disability benefits for the duration of his life. Appellant now appeals the district court's grant of summary judgment in favor of Appellees. "We review a district court's grant of summary judgment de novo, examining all the facts and making all reasonable inferences in favor of the non-moving party." N.H. Ins. Co. v. Dagnone, 475 F.3d 35, 37 (1st Cir. 2007).

Appellant argues that we should vacate the district court's judgment and find that he is entitled to receive cost of living increases on his disability payments for his lifetime because his insurance policy is ambiguous and the ambiguity must be construed in his favor. See Concord Hosp. v. N. H. Med. Malpractice Joint Underwriting Ass'n, 633 A.2d 1384, 1386 (N.H. 1993). Specifically, Appellant alleges that, although the Cost of Living Benefit rider explicitly states that no increases in cost of living benefits will be made after the insured's sixty-fifth birthday, the policy is ambiguous because of allegedly contradictory statements contained in the Lifetime Benefit rider purchased by Appellant.

The Lifetime Benefit rider provides that policy holders will continue to receive a monthly payment after age sixty-five. The rider states that "[t]he monthly amount is the amount shown on

-2-

the Policy Schedule.  Any cost of living benefit rider added to your policy shall apply to this amount."  Appellant argues that this language implies that the cost of living benefit should continue to increase after he turns sixty-five, even though the Cost of Living Benefit rider explicitly states that it will not.  Appellees counter that the Lifetime Benefit rider states only that Appellant will continue to receive cost of living benefits after age sixty-five, but not increases.  In other words, the amount of the cost of living benefits shall be frozen at the amount received by Appellant just prior to his sixty-fifth birthday, as stated in the Cost of Living Benefit rider.

We agree with Appellees and the district court that the language in both the Lifetime Benefits rider and the Cost of Living Benefit rider is clear and unambiguous.  We, therefore, affirm the district court's decision to grant summary judgment to Appellees on the grounds advanced by the district court.